NOTICE

Decision filed 07/31/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250322-U

NO. 5-25-0322

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| DAVID VIDA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Clinton County. |
| | ) | |
| v. | ) | No. 24-MR-22 |
| | ) | |
| JEFFREY WEHKING,[1] | ) | Honorable |
| | ) | Stanley M. Brandmeyer, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE CLARKE delivered the judgment of the court.
Justices Boie and Vaughan concurred in the judgment.

**ORDER**

¶ 1     *Held*:     Where the plaintiff failed to demonstrate a clear right to the *mandamus* relief he requested, the circuit court did not err in granting the defendant's motion to dismiss the plaintiff's *mandamus* petition, and this court affirms the circuit court's judgment.

¶ 2     The plaintiff, David Vida, is an inmate serving a 100-year sentence in the Illinois Department of Corrections (IDOC). The plaintiff filed a petition for an order of *mandamus* against the defendant, Daniel Monti, who was then the warden of Centralia Correctional Center, where the plaintiff was incarcerated. The defendant filed a motion to dismiss the *mandamus* petition, and the

_____

[1]Jeffrey Wehking is the current warden of Centralia Correctional Center, where the plaintiff is incarcerated. Wehking should be substituted as the defendant in this action pursuant to Section 2-1008(d) of the Code of Civil Procedure (735 ILCS 5/2-1008(d) (2024)) by operation of law. See *id.* § 14-107 (providing for naming of successor in office in *mandamus* action); see also *Hennings v. Chandler*, 229 Ill. 2d 18, 27 (2008).

1

circuit court granted the motion. The plaintiff filed a notice of appeal. Subsequently, Jeffrey Wehking succeeded Monti as the warden at Centralia Correctional Center, and Wehking has been substituted as the defendant-appellee for this appeal. This court affirms.

¶ 3                                    I. BACKGROUND

¶ 4        On May 3, 1999, the circuit court of Cook County sentenced the plaintiff for the offense of first degree murder. The court sentenced him to imprisonment for a term of 100 years.

¶ 5        On September 12, 2024, the plaintiff filed, in the circuit court of Clinton County, a "petition of *mandamus*." In his petition for *mandamus* relief, the plaintiff asked the circuit court to compel the defendant to direct IDOC personnel "to fix [his] new release date." The plaintiff claimed that from 1999 through 2015, he earned sentence credits of 4,445 days for various prison job assignments that he had completed, but he was awarded only 512.5 days of credit. The plaintiff presented similar claims concerning prison educational programs and his term of mandatory supervised release, but he is not pursuing those two claims in the instant appeal. The plaintiff alleged that IDOC had admitted losing the prison-employment records that would verify his completed job assignments. As a substitute for the lost prison-employment records, the plaintiff sought to use a printed record of all the monetary transactions in the plaintiff's prison trust account from June 10, 1999, through November 2, 2015. The plaintiff attached this record of transactions to his petition for *mandamus* relief. These transactions included all debits, such as withdrawals for commissary purchases, and all credits, such as deposits from "payroll." There were approximately 130 entries that showed credits to the trust account from "payroll." Even though the record of transactions apparently showed the dollars-and-cents of prison pay, it did not include matters such as the dates that the plaintiff worked or the number of hours that he worked.

¶ 6    In response to the petition for *mandamus relief*, the defendant filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2022)). The defendant also filed a supporting memorandum of law, which was incorporated by reference into the dismissal motion. Attached to the motion were exhibits A through M. In his motion to dismiss, the defendant stated that the plaintiff's sentence credits had been calculated correctly and, therefore, the plaintiff was not entitled to any additional days of credit. The exhibits included various documents relating to the days of sentence credit awarded to the plaintiff for the completion of job assignments. The exhibits also included 11 documents, prepared by IDOC personnel, that included calculations of the plaintiff's projected release date. Of these 11 documents, the first was prepared on June 4, 1999, and included calculations showing a projected release date of August 6, 2048. Each of the remaining calculation documents, which were prepared between April 17, 2020, and February 22, 2024, showed progressively earlier projected release dates, the last of which showed a projected release date of June 8, 2046. Exhibit M was an affidavit from Courtney Spencer, the "temporary acting records office supervisor" at the Centralia Correctional Center, wherein she described the calculations and recalculations, over the years, that resulted in the June 8, 2046, projected release date.

¶ 7    On March 25, 2025, the circuit court held a hearing on the defendant's motion to dismiss the plaintiff's *mandamus* petition. After hearing arguments from the defendant and from the plaintiff *pro se*, the court took the matter under advisement.

¶ 8    On April 1, 2025, the circuit court granted the defendant's motion and dismissed the plaintiff's *mandamus* petition. The plaintiff timely appealed.

¶ 9                                    II. ANALYSIS

¶ 10     This appeal is from the circuit court's order granting the defendant's section 2-619 motion to dismiss the plaintiff's *mandamus* petition. The plaintiff argues that the circuit court erred in granting the defendant's motion to dismiss.

¶ 11     "The extraordinary remedy of *mandamus* compels a public official to perform a purely ministerial duty that does not involve an exercise of discretion." *People ex rel. Berlin v. Bakalis*, 2018 IL 122435, ¶ 16. To prove a legal right to relief by *mandamus*, the complainant must demonstrate (1) a clear right to the requested relief, (2) the respondent's clear duty to act, and (3) the respondent's clear authority to comply with the terms of the order. *People ex rel. Madigan v. Snyder*, 208 Ill. 2d 457, 465 (2004). *Mandamus* is available only when the complainant sets forth every material fact needed to prove that he has a clear, legal right and is entitled to the performance of the act he seeks to compel. *Mason v. Snyder*, 332 Ill. App. 3d 834, 840 (2002).

¶ 12     "The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of litigation." *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). Section 2-619 of the Code of Civil Procedure provides that a "[d]efendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds." 735 ILCS 5/2-619(a) (West 2024). While a motion to dismiss pursuant to section 2-619(a)(9) admits the legal sufficiency of the complaint, it raises affirmative matters either internal or external from the complaint that would defeat the cause of action. *Id.* § 2-619(a)(9). An "affirmative matter" is "something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999). The affirmative matter must either appear on the face of the complaint or be supported by affidavits or

other evidentiary materials of record. *Van Meter*, 207 Ill. 2d at 377. This court reviews *de novo* the circuit court's granting of a section 2-619 motion to dismiss a *mandamus* petition, and it may affirm on any basis supported by the record. *Walker v. Monreal*, 2017 IL App (3d) 150055, ¶ 24.

¶ 13    Here, the plaintiff claimed in his *mandamus* petition that the IDOC had failed to award him a sufficient number of days of credit against his sentence for the prison job assignments that he had completed. The plaintiff supported his *mandamus* petition with evidentiary materials in the form of a printed record of all the monetary transactions in his prison trust account from June 10, 1999, through November 2, 2015. Many of the credits to the trust account indicated that the source was "payroll," which certainly indicates that the plaintiff completed job assignments during that time period. However, this record of monetary transactions does not include any indication of the days on which the plaintiff worked. Without such information, there can be no way of calculating whether the plaintiff was awarded sufficient days of credit against his sentence. Accordingly, the plaintiff failed to demonstrate a clear right to have the circuit court compel the defendant to direct IDOC personnel "to fix [his] new release date." As far as this court can determine, IDOC already calculated the correct sentence credit and the correct projected release date.

¶ 14                                    III. CONCLUSION

¶ 15    The plaintiff's petition for *mandamus* relief, and its supporting evidentiary materials, failed to demonstrate a clear right to the *mandamus* relief requested. Therefore, the circuit court did not err in granting the defendant's motion to dismiss the *mandamus* petition. The circuit court's judgment is affirmed.

¶ 16    Affirmed.